IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARCELLO BRIAN PARKS          *
     Petitioner
                                       *
        v.                              CIVIL ACTION NO. JFM-10-1980
                                       *
CLERK OF THE U.S. DISTRICT COURT,
     Respondent                  *
                                   ******

## **MEMORANDUM**

The court is in receipt of petitioner's correspondence wherein he requests that the Clerk of the Court "prepare and file, in behalf of Parks, Marcello B. (Principal) interest refund, by the 1000-OID process, associated with Case number/account: 1:00-cr-00427-JFM-3…." Petitioner's correspondence has been docketed as a petition for writ of mandamus. Because he appears to be indigent, petitioner shall be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

Under 28 U.S.C. §1361, the district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or an agency thereof to perform a duty owed to petitioner. In order to meet the requirements for mandamus relief, petitioner must show that he has the clear legal right to the relief sought; that respondent has a clear legal duty to do the particular act requested; and that no other adequate remedy is available. The failure to show any of these prerequisites defeats a district court's jurisdiction under § 1361. *See National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993). In addition, mandamus cannot be used to compel the performance of

discretionary duties of federal government officers; mandamus will lie only to compel ministerial acts.[1] *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *Plato v. Roudebush*, 397 F. Supp. 1295, 1304-05 (D.Md. 1975).

The undersigned concludes that petitioner has failed to meet the established criteria. Review of court records does not demonstrate that petitioner has posted any bond or other financial instrument with the court for which he is due a refund or interest payments. Petitioner cites to the law requiring contract surety bonds on federal construction projects, known as the Miller Act. *See* 40 U.S.C. S 3131-3134. This law requires a contractor on a federal project to post two bonds: a performance bond and a labor and material payment bond. There is no indication that petitioner has posted such a bond to which he is entitled to a refund. As petitioner has made no showing in the instant action which warrants the granting of extraordinary relief, his petition for writ of mandamus shall be denied.

A separate Order follows.

August 10, 2010 /s/
  Date                                   J. Frederick Motz
                                          United States District Judge

---

[1] A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment. *See Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984).